**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                                    **4:07-CR-00250-03-JM**

**DERRICK DONNELL CAFFEY**

**ORDER**

Defendant's fourth Motion for Compassionate Release (Doc. No. 446) is DENIED.

**I.    BACKGROUND**

On March 26, 2008, Defendant pled guilty to conspiracy to distribute more than 5 kilograms of cocaine and more than 50 kilograms of cocaine base.   Qualifying as a career offender, he was sentenced to 262 months in prison on July 15, 2008.[1]   On June 25, 2010, his sentence was reduced to 210 months.[2]

**II.    DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Again, it appears that Defendant still has not exhausted his administrative remedies, as required by law. Even if he had, compassionate release is not warranted.

---

[1] Doc. No. 219.

[2] Doc. No. 286.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

Defendant asserts that he should be granted compassionate release because of his fear of contracting COVID-19.[4] However, he provides no "extraordinary and compelling" specific to himself. "[F]ear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[5]

Even if Defendant could establish extraordinary and compelling reasons, his request for compassionate release must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant. The amount of drugs involved and Defendant's long history of drug dealing are especially important. The presence of numerous guns with the drugs is also troublesome. By the time they were indicted in this case in 2007, Defendant, known as the "King of Crack", and his siblings had been using and selling drugs and guns for well over 15 years. Defendant's documented criminal history started at age 17 with delivery of crack cocaine and was non-stop (except for when he was incarcerated) until he was arrested in this case. However, Defendant testified at sentencing that he started selling drugs at age 12. Additionally, Defendant was openly and repeatedly selling drugs out of his mother's house with small children around. He was also captured on surveillance video selling a gun to a man who said he was going to use it to kill someone and had his 18-year old nephew retrieve the weapon for him. He also has a history of gang affiliation. Although Defendant claims that he stopped being a part of the Hilltop Hustlers in 1998, he was still operating a drug dealing operation with his siblings, who were active gang members.

---

[4]Doc. No. 446.

[5]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020)

## CONCLUSION

For the reasons set out above, Defendant's Motion for Compassionate Release (Doc. No. 446) is DENIED.

IT IS SO ORDERED, this 24th day of June, 2020.

_____
UNITED STATES DISTRICT JUDGE